UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Edward Toliver, Jr.,                                              Civil No.: 07-cv-4308 (DWF/JJG)

      Petitioner,                                              **REPORT AND RECOMMENDATION**

v.

Warden Dwight Fondren,

      Respondent.

_____

      This is a 28 U.S.C. § 2241 habeas case brought by Petitioner Edward Toliver, Jr. ("Toliver").  For the reasons discussed below, the Court recommends denial of Toliver's petition as moot and dismissal of this action.

**I.     BACKGROUND**

      On June 28, 2006, the United States District Court for Eastern District of Louisiana sentenced Toliver to 22 months imprisonment and three years of supervised release for the possession of device-making equipment.  *Declaration of Ann Norenberg*, Att. A (Doc. No. 14). He was incarcerated at the Federal Correctional Institute in Sandstone, Minnesota.  *Id.* at ¶ 3.

      While at FCI-Sandstone, Toliver filed this action.  He asked the Court to order Respondent, FCI-Warden Dwight Fondren ("Fondren"), to consider his earlier transfer to a residential reentry center ("RRC").  *Amended Habeas Corpus Petition* at pp. 3-4.  Toliver alleged that Fondren categorically denied his transfer request in violation of 18 U.S.C. § 3621(b).

      While Toliver's habeas petition was pending he was transferred to a RRC, and has now been released from federal custody.  *Second Declaration of Ann Norenberg* (Doc. No. 23), ¶ 2.

**II.    ANALYSIS**

Fondren now requests that Toliver's petition be dismissed as moot given Toliver's release from federal custody.  The Court agrees that the petition is moot, and therefore recommends its dismissal.

Toliver's petition contained one request:  earlier consideration for transfer to an RRC.  He was subsequently transferred to an RRC, and has now been released from federal custody.  Thus, no live issue remains to be adjudicated.  *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008) (habeas petition seeking RRC transfer mooted where transfer occurred while petition pending).  *See also Copley v. Keohane*, 150 F.3d 827, 829-830 (8th Cir. 1998) (§ 2241 habeas petition moot where petitioner no longer in federal custody); *Elwood v. Sanders*, 152 Fed. Appx. 558, 558 (8th Cir. 2005) (per curiam) (§ 2241 habeas petition seeking transfer to lower security facility moot where petitioner transferred to a halfway house); *Warren v. Caraway*, Civ. No. 05-0754 (JRT/JJG), 2006 WL 746687 (D. Minn. Mar. 21, 2006) (dismissing habeas petition as moot where object of petition was transfer to halfway house, and petitioner was transferred to halfway house during pendency of petition); *Sobie v. Morrison*, Civ. No. 06-1149 (RHK/JSM), 2006 WL 2439099 (D. Minn. Aug. 22, 2006) (same).

Nor does the Court find anything in the record suggesting that Toliver's petition presents the "exceptional" situation where the issue he raises is moot, but "capable of repetition yet evading review."  *See Copley*, 150 F.3d at 830 (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)).  The record does not present a reasonable likelihood that Toliver could return to prison and face the same issue he raises here.  *See e.g., Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).[1]

Accordingly, the Court recommends denial of Toliver's petition as moot.

---

[1] The Court afforded Toliver a reasonable opportunity to respond to the Respondent's argument that his petition is moot; he did not do so.

## III.  RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

A. Edward Toliver, Jr.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED** as moot;

B. This action be **DISMISSED WITH PREJUDICE**.


Dated:  January 12, 2009         s/ *Jeanne J. Graham*
                                 JEANNE J. GRAHAM
                                 United States Magistrate Judge


### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **JANUARY 27, 2009**. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.